IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                      Plaintiff,

            v.

TYREESE R. TAYLOR,

                      Defendant.

OPINION AND ORDER

09-cv-508-bbc
06-cr-105-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Tyreese R. Taylor has moved for post conviction relief under 28 U.S.C. § 2255, contending that he was denied the effective assistance of counsel at his trial when his attorney failed to object to audio recordings played at trial and played again at the jury's request during its deliberations. The government denies that counsel was ineffective in this respect or any other.

The government filed a response to defendant's motion to which defendant did not reply, although he was given an opportunity to do so. His failure to file a brief leaves him with only the conclusory allegations of his motion set out above. After considering those allegations, the government's response and the record of the case, I conclude that defendant

1

has failed to show that his counsel gave him ineffective representation.

## BACKGROUND

In an indictment returned on May 11, 2006, defendant and two codefendants were charged with distribution of cocaine base or crack cocaine. Defendant was the only one of the three that went to trial.

At trial, a confidential informant, Terry Reed, testified about controlled buys of crack cocaine he had made from defendant. At one, which took place on January 26, 2006, Reed wore a body wire that recorded his conversation with defendant. That recording was played at trial, after he had identified it and testified that he had reviewed both the recording and a transcript made from the recording. Defendant's counsel took the opportunity to conduct a voir dire examination of Reed about the recording before stating he had no objection to the recording. Trial transcript, dkt. #111, at 66-68.

A second confidential informant, Dra'main Dumas, testified that he had met defendant on a number of occasions and had known him for three years. Trial tr., dkt. #112, at 2-A-21. Dumas testified that he himself had sold crack cocaine in the past, that he had talked with defendant about prices for controlled substances and had bought crack cocaine from defendant at various times. Id. at 2-A-23. Dumas testified about his participation in two controlled buys of crack cocaine from defendant, both of which were recorded and

2

conducted under surveillance by law enforcement.  Id. at 2-A-26-38.  At trial, he identified the recordings, which were then played for the jury.  Id at 2-A-33-34, 2-A-37-38.

A Rock County sheriff's deputy testified about her surveillance of controlled buys by Reed on January 26, 2006 and by Dumas on March 23, 2006 and her identification of defendant as the driver of the black Lexus that showed up at both of the controlled buys with Dumas.  She testified that she had seen photographs of defendant and had had prior personal contact with him that helped her identify him.

One of defendant's codefendants was his younger brother, George Taylor.  George testified at trial that he accompanied his brother to the March 23 transaction with Dumas and that his brother had driven a black Lexus.  George would not testify about observing the drug transaction, saying that he had been dozing off, did not recall the car stopping and woke up only when Dumas got out of the car.  Id. at 2-A-84-87.

Officer Roel Benavides testified to stopping a black Lexus on May 1, 2006, after observing that it had illegal window tinting and an illegal plastic tint covering the rear license plate.  He admitted having information that the car was usually driven by defendant.  When he stopped the car, he approached it and made a positive identification of the driver as defendant.  Id. at 2-A-98-101.

During jury deliberations, the jury asked to hear the audio recordings of the transactions that had been played at trial.  The recordings were played again for the jury in

3

the courtroom with the parties present.  The jury found defendant guilty of four of the five counts of the indictment against him.

Defendant was sentenced on November 15, 2006 to four concurrent terms at the statutory minimum of 240 months.  He appealed his conviction and sentence to the court of appeals, which denied the appeal, and he petitioned for a writ of certiorari from the United States Supreme Court, which denied the petition on October 6, 2008.  He filed his § 2255 motion on August 17, 2009.  (In addition, he moved on May 12, 2009, for a reduction of his sentence under 18 U.S.C. § 3582; this motion was denied because defendant's sentence was determined by statute, and not by application of the Sentencing Guidelines governing crimes involving crack cocaine.)


OPINION

To show that he was denied the effective assistance of counsel, defendant must establish both that his attorney's representation of him fell below the minimum standard of performance and that the inadequate representation was prejudicial, that is, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 694 (1984).

Defendant's only ground for vacation of his conviction and sentence is his claim that

4

his trial counsel did not object to the playing of the tapes from alleged drug transactions with confidential informants, Reed and Dumas.  He is correct about the lack of any objection from his counsel, but he does not identify any grounds for a successful objection and I cannot find any in the record.  When the government put into evidence the first tape, of Reed's transaction with defendant, it laid a thorough foundation for doing so.  Defendant's counsel conducted a voir dire of Reed, during which he probed for possible grounds for objection, but found none.  The government laid an equally strong foundation for the introduction of Dumas's tapes.

Defendant cannot blame his counsel for not raising an objection that had no merit. Much as defendant may have wished that the recordings had not been played, he had no legal basis for keeping them from the jury.

In the absence of any showing that defendant was denied the effective assistance of counsel at his trial, his motion for post conviction relief must be denied.  Because I am denying his motion, I must determine whether defendant is entitled to a certificate of appealability under the newly effective amendments to Rule 11 of the Rules Governing Section 2255 Cases in the United States District Courts.

A certificate of appealability shall issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make this showing, a defendant must "sho[w] that reasonable jurists could debate whether (or, for

5

that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893, n.4 (1983)).

Although Rule 11 allows the court to direct the parties to submit arguments on the question of issuing a certificate of appealability, it is unnecessary to do so in this instance. It is evident that no reasonable jurist would believe that defendant's motion has any merit.

ORDER

IT IS ORDERED that defendant Tyreese Taylor's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED.  No certificate of appealability will issue.

Entered this 1ˢᵗ day of December, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

6